**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**EDELMAN FINANCIAL ENGINES, LLC, et al.,**

**Plaintiffs,**

**v.**

**MARINER WEALTH ADVISORS LLC,**

**Defendant.**

**Case No. 2:23-cv-02515-HLT**

# MEMORANDUM AND ORDER

This high-dollar dispute between two wealth advisory firms continues. Plaintiffs Edelman Financial Engines, LLC and Edelman Financial Engines, L.P. (collectively "Edelman") alleged that Defendant Mariner Wealth Advisors ("Mariner") hired away some financial planners and misappropriated Edelman's trade secrets. The Court granted summary judgment in favor of Mariner and against Edelman on June 5, 2026. Doc. 152. The Court held that no reasonable jury could find that Mariner misappropriated Edelman's trade secrets under the Defend Trade Secrets Act ("DTSA") and declined to exercise supplemental jurisdiction over Edelman's state-law claims.

Edelman appealed. Doc. 170. Mariner moves for attorney's fees. Doc. 168. Mariner contends Edelman acted in bad faith, which entitles Mariner to attorney's fees under 18 U.S.C. § 1836(b)(3)(D). This provision of the DTSA allows the Court to award reasonable attorney's fees to a prevailing party if the other party in bad faith claims misappropriation of trade secrets. The Court finds that Mariner is the prevailing party but has not shown that Edelman acted in bad faith. The Court exercises its discretion and denies an award of attorney's fees.

## I. LEGAL STANDARD

Attorney's fees awards under the DTSA are permissive, not mandatory. *Insulet Corp. v. EOFlow Co.*, 819 F. Supp. 3d 30, 36 (D. Mass. 2026). A prevailing party may use circumstantial evidence to show the other party's bad faith. *Id.* The DTSA itself does not define "bad faith." *Elmagin Cap., LLC v. Chen*, 2024 WL 2845535, at *5 n.14 (3d Cir. 2024). Neither have the federal appellate courts defined the contours of "bad faith" by published opinion. *Shepard & Assocs., Inc. v. Lokring Tech., LLC*, 2025 WL 1420931, at *4 (6th Cir. 2025); *see also Recoop LLC v. Outliers Inc.*, 2025 WL 1725024, at *14-*16 (S.D.N.Y. 2025). But the Tenth Circuit has stated in the context of other statutory attorney's fees provisions that the bad-faith standard is stringent and that "[a] party acts in bad faith only when the claim brought is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons." *Sterling Energy, Ltd. v. Friendly Nat'l Bank*, 744 F.2d 1433, 1435 (10th Cir. 1984).

## II. ANALYSIS

The parties agree that a two-pronged approach to the analysis is appropriate. Docs. 176 at 4-5; 177 at 2; *see also Applied Predictive Techs., Inc. v. Marketdial, Inc.*, 2025 WL 906182, at *2 (D. Utah 2025) (collecting cases using a two-pronged approach). This analysis requires the Court to find: (1) that the plaintiff's misappropriation claim was objectively frivolous or specious, and (2) evidence of subjective bad faith. *See Applied Predictive*, 2025 WL 906182, at *2. But a mere adverse summary-judgment ruling does not necessarily establish bad faith. *Farmers Edge Inc. v. Farmobile, LLC*, 2018 WL 3747833, at *7 (D. Neb. 2018). The Court should avoid engaging in *post hoc* reasoning that an action must lack foundation or a reasonable basis if the plaintiff does not prevail. *Wilbur-Ellis Co. v. Gompert*, 2025 WL 2049197, at *2 (D. Neb. 2025). The bad-faith standard has teeth; "Rule 11 is easier to meet than the DTSA's 'bad faith' standard for fee award

purposes." *Healthcare Res. Mgmt. Group, LLC v. Econatura All Healthy World, LLC*, 2022 WL 1537752, at *14 (S.D. Fla. 2022) (quoting William Lynch Schaller, *On Equipoise, Knowledge, & Speculation: A Unified Theory of Pleading Under the Defend Trade Secrets Act—Jurisdiction, Identification, Misappropriation, & Inevitable Disclosure*, 27 J. INTELL. PROP. L. 137, 203 (2020)).

**1. Objectively Frivolous or Specious**

Edelman does not dispute that Mariner is the prevailing party. *See* Doc. 177 at 15 (referring to Mariner as the prevailing party). The Court thus moves directly to whether Mariner has shown that Edelman's misappropriation claims were objectively frivolous or specious. Speciousness exists "where there is a complete lack of evidence supporting [the plaintiff's] claims." *Farmers Edge Inc.*, 2018 WL 3747833, at *6 (citation omitted). A defendant can show objective speciousness "by demonstrating that there was no misappropriation or threatened misappropriation or that the opposing party could not have suffered any economic harm." *Id.* But the Court need not find that the action lacked merit at the time of filing. *Shepard*, 2025 WL 1420931, at *4.

Mariner fails to show that Edelman's pursuit of this case was objectively specious or wholly without merit. The Court ultimately found that no reasonable jury could find that Edelman identified a protectable trade secret and that Mariner misappropriated any such trade secret. But these holdings do not automatically demonstrate that Edelman acted in bad faith. Edelman initially prevailed on Mariner's motion to dismiss. Edelman's theory that a client list recreated from memory can constitute a trade secret had a basis in law. *See Masimo Corp. v. True Wearables, Inc.*, 2022 WL 17083396, at *18 (C.D. Cal. 2022) ("Although [the defendant] believes that whatever he could remember in his head from his time with [the plaintiffs] became his . . . this belief is contrary to trade secret law."); *Tribal Behavioral Health LLC v. Reeves*, 2022 WL 2290563, at *11 (D. Ariz. 2022) ("[T]rade secret protection does not depend on whether the

[customer] list misappropriated is in written form or memorized." (internal quotation omitted)). And Edelman advanced evidence in support of its complaint. But the evidence before the Court left it with the firm conclusion that no reasonable jury could find in Edelman's favor. This finding, however, does not translate automatically to wholly specious or without merit and certainly doesn't on the record of this case. *See Shepard*, 2025 WL 1420931, at *4 (affirming denial of DTSA fees because "[the plaintiff] had colorable arguments supporting its claims through summary judgment" and a "loss on summary judgment does not necessarily mean they are so meritless as to have been brought in bad faith").

**2. Subjective Bad Faith**

The next inquiry is whether Mariner has shown subjective misconduct on the part of Edelman. The Court evaluates subjective misconduct by the "relative degree of speciousness of plaintiff's trade secrets claim and its conduct during litigation." *Norwood Operating Co. v. Beacon Promotions, Inc.*, 2006 WL 3103154, at *2 (D. Minn. 2006) (evaluating claim for attorney's fees under the Minnesota Uniform Trade Secrets Act). Courts generally require "something more" than the "knowing pursuit of meritless claims." *Shepard*, 2025 WL 1420931, at *4 (citation omitted). "Something more" can include "[h]arassing the opposing party, delaying or disrupting litigation, hampering the enforcement of a court order, or making improper use of the courts." *Id.* (alteration in original) (citations omitted).

A party may choose to litigate its claims through summary judgment without demonstrating subjective misconduct. A party's failure to abandon a claim when challenged is not conclusive proof of bad faith. *Farmers Edge Inc.*, 2018 WL 3747833, at *7. The Court will not hold Edelman's continued prosecution of its claims through summary judgment against it here. The decision, while ultimately unsuccessful, does not indicate unreasonable case management or

bad faith. The Court does not find that Edelman engaged in harassment, improper use of the courts, or "something more" that would indicate subjective misconduct.

As Mariner points out, the Court criticized several aspects of Edelman's briefing. *See, e.g.*, Doc. 152 at 2-5. The Court did not approve, and Edelman's tactics were not effective. But this does not equate to wanton or improperly motivated conduct that equates to subjective bad faith. It is relevant to the Court's consideration. *See Healthcare Res. Mgmt. Grp.*, 2022 WL 1537752, at *12 (noting that the bad-faith standard extends to acts preceding and during litigation). But it does not mandate a finding of subjective bad faith such that fee-shifting under the DTSA is warranted.

The cases that Mariner cites do not alter the outcome here. Mariner heavily relies on *Applied Predictive Technologies Inc.*, 2025 WL 906182, and *Hark'n Technologies, Inc. v. Orange Whip Fitness X, LLC*, 2026 WL 824587 (D. Utah 2026), in support of its request for attorney's fees. The *Applied Predictive Technologies* court made specific findings of facts that, for example, (1) the plaintiff failed to identify a trade secret after six-plus years, insisted that everything it filed was secret, and that it would disclose its trade secret "down the line—that once it is speaking to the jury, it will divulge its secrets and what it means when it refers to 'methods' and 'how' it accomplishes certain tasks in a valuable, secret manner"; (2) the plaintiff litigated in an aggressive manner and filed at least one motion in violation of court order; and (3) the plaintiff's actions gave "rise to a reasonable inference that this litigation was undertaken for the purpose of putting an upstart competitor out of business." 2025 WL 906182, at *3-*4. This simply does not parallel the case before the Court. Edelman did identify what it believed to be trade secrets. Edelman did not disregard court orders. And the Court cannot infer from Edelman's actions that this case was undertaken solely for the purpose of stifling competition.

*Hark'n Technologies* is also distinguishable. *Hark'n Technologies* relied heavily on the analysis in *Applied Predictive Technologies*. The court found the *Hark'n Technologies* plaintiff also had not identified a trade secret largely because the plaintiff's definition of its trade secrets was incompatible with its president's sworn testimony. 2026 WL 824587, at *3. The court also found subjective misconduct because the plaintiff's president admitted that no confidential or proprietary information was shared with the defendant, yet the plaintiff continued to litigate the issue for five more months. *Id.* at *5. Again, the facts in this case are not similar. The Court did not find inconsistent testimony suggestive of bad faith or misconduct on the part of Edelman.

## III. CONCLUSION

The Court cannot find either that Edelman's claims are specious or that Edelman subjectively acted in bad faith. The Court therefore denies Mariner's motion.

THE COURT THEREFORE ORDERS that Mariner's motion (Doc. 168) is DENIED.

IT IS SO ORDERED.

Dated: October 27, 2026

/s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE